IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 APR 20 PM 2 5

ROBERT R. DI ＿ＣＨＯ
CLERK, U.S. DI ＿ CT.
W.D. OF TN, MEMPHIS

MARY EILEEN BOWENS,

  Plaintiff,

vs.          No. 04-3036-D/P

SHELBY COUNTY, et al.,

  Defendants.

ORDER DIRECTING THE PLAINTIFF TO FILE A
NONPRISONER IN FORMA PAUPERIS AFFIDAVIT
OR
PAY FULL $150 CIVIL FILING FEE

  Plaintiff Mary Eileen Bowens, RNI number 22825, who was, at the time she commenced this action, an inmate at the Shelby County Detention Center in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The Court issued an order on December 28, 2004 directing the plaintiff, within thirty days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or pay the full filing fee of $150. Plaintiff filed a change of address notice on January 4, 2005 indicating that she has been released. On February 16, 2005, the post office returned the plaintiff's copy of the December 28, 2005 order with a notation that the plaintiff had been discharged.

  Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 4-21-05

"downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."). In this case, the plaintiff was released from prison before an assessment order issued and before any portion of the filing fee was paid.

The Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." Id. at 613. Accordingly, the plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to file a nonprisoner in forma pauperis affidavit or pay the $150 civil filing fee. Failure to comply will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. The Clerk shall mail the plaintiff a copy of the nonprisoner in forma pauperis affidavit along with this order.

IT IS SO ORDERED this 19th day of April, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:04-CV-03036 was distributed by fax, mail, or direct printing on April 21, 2005 to the parties listed.

---

Mary Eileen Bowens
1752 Netherwood
Memphis, TN 38114

Honorable Bernice Donald
US DISTRICT COURT